**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| In the Matter of the Complaint : | |
| : | CIVIL ACTION NO.: **5:24-cv-1338 (GTS/ML)** |
| of : | |
| : | **COMPLAINT** |
| DENIS KREZIC, as Owner of a 2004 23' : | |
| CHEETAH SCORPION (HIN: CHT08L60L304) : | |
| for Exoneration from or Limitation of Liability : | |
| _____ : | |

    Petitioner, DENIS KREZIC ("Petitioner"), as Owner of a 2004 Cheetah Scorpion (HIN: CHT08L60L304) (the "Vessel"), brings this action for exoneration from and limitation of liability pursuant to Title 46 U.S.C. § 30501 et seq. and Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and alleges the following upon information and belief:

### JURISDICTION/VENUE

    1.  This Court has jurisdiction over this cause of action pursuant to the provisions of Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    2.  Venue is properly laid in this district in accordance with Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, inasmuch as the Vessel's current location and the subject incident are in the vicinity of Buffalo, New York, and the Vessel has not been arrested or attached, and no suit has been filed against Petitioner or the Vessel for the matters contained in this Complaint within the meaning of the statutes of the United States.

## **THE PARTIES**

3. At all relevant times, Petitioner was the owner of the Vessel. Petitioner is an individual with a place of residence in Lancaster, New York.

4. Anticipated claimant Shana-Lee Rambadt was a passenger onboard the Vessel on July 4, 2024.

## **THE LIMITATION OF LIABILITY PETITION**

5. On July 4, 2024, Petitioner was out-of-town on a family vacation.

6. Without Petitioner's knowledge, consent or permission, non-party Dennis Staufenberger misappropriated the keys of the Vessel from a secured location and took the Vessel on the Niagara River. Anticipated claimant Shana-Lee Rambadt participated in the unauthorized use of the Vessel as a passenger of the Vessel.

7. The Niagara River is a navigable body of water within the meaning of 33 C.F.R. Section 329 and within this Court's admiralty and maritime jurisdiction, and subject to the Inland Rules of Navigation.

8. It is alleged that anticipated claimant Shana-Lee Rambadt was injured when the Vessel encountered a wake and/or wave that day.

9. At all times relevant and in the moments preceding the subject incident, the Vessel was well maintained and seaworthy in all respects.

10. If any loss, damage, injury or death was sustained in the subject incident, such loss, damage, injury or death, was in no way caused by the fault, negligence, recklessness or want of due care, on the part of Petitioner or parties for which Petitioner may be held responsible.

11. Further, any such loss, damage, injury or death, occasioned, incurred and caused by the negligence of non-party Dennis Staufenberger, if any, was without the fault, privity or knowledge of Petitioner.

12. Anticipated claimant Shana-Lee Rambadt and/or other unknown claimants may seek damages in an amount that will exceed the total sum or sums for which Petitioner may be legally responsible or may be required to pay under applicable statutes and laws governing exoneration from and limitation of liability.

13. The subject incident and first written notice of claim was received from counsel representing anticipated claimant Shana-Lee Rambadt less than six months ago.

14. The Vessel had a post-casualty value of no more than $22,300 following the subject incident.

15. Petitioner claims exoneration from, and/or limitation of liability for, any alleged loss, damage, injury or death occasioned by the aforesaid incident and for all claims which may hereafter be made and alleges that it has valid defenses thereto both on the facts and on the law.

16. Petitioner claims the benefits of the limitation of liability provided in Title 46, United States Code, §30501 et seq. and pursuant to Supplemental Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Local Admiralty and Maritime Rule (f), will deposit with the Court, for the benefit of claimants, a sum equal to the amount or value of Petitioner's Vessel and pending freight.

WHEREFORE, Petitioner prays that this Honorable Court:

1. Issue an Order directing the issuance of a Notice to all persons claiming damages for any and all loss, damage, injury or death caused by or resulting from the aforesaid

incident, directing each of them to appear and make due proof of their respective claims, and also to appear and answer the allegations of this Petition according to the law and practice of this Court on or before a certain time to be fixed by said monition;

    2.    Issue an Order restraining the further prosecution of any and all actions, suits and legal proceedings to be commenced or already begun, if any, to recover damages from the Petitioner for any and all loss, damage, injury or death caused by or resulting from the aforesaid incident and restraining the commencement or prosecution thereafter of any such action, suit or legal proceeding of any nature or description whatsoever in any jurisdiction, except in the proceeding herein, against the Petitioner, its agents or representatives, or against the Vessel in respect of any claim or claims arising out of the aforesaid incident;

    3.    Adjudge and decree that the Petitioner is not liable to any extent, for any loss, damage, injury or death, or for any claim therefor in any way arising out of the aforesaid incident;

    4.    That if the Petitioner should be adjudged liable to any extent in the premises, then such liability should be limited to the amount or value of the Vessel immediately following said incident, and that the Petitioner be discharged therefrom upon the surrender of said value and that the money surrendered, paid or secured to be paid as aforesaid, be divided <u>pro rata</u> according to the pertinent federal statutes among such claimants as may duly prove their claims in accordance with the aforesaid provisions, saving to all parties any priorities to which they may legally be entitled and that a decree may be entered discharging the Petitioner and the Vessel from all further liability; and

    5.    That the Petitioner may have such other, further and different relief as may be just and proper.

- 5 -

Dated: New York, New York
November 1, 2024

                                                          NICOLETTI HORNIG & SWEENEY
*Attorneys for Petitioner Denis Krezic*

By: /s/ Guerric S.D.L. Russell
Guerric S.D.L. Russell
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005
Tel: 212-220-3830
Fax: 212-220-3780
Email: grussell@nicolettihornig.com
Our File No.: 10900460 GSR/JH